HENRY PERYER *v.* EDMUND M. PENNOCK ET UX.

February Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, and MILES, JJ., and FISH, Supr. J.

Opinion filed October 4, 1921.

*Land Contract—Creditor Cannot Be Compelled to Accept Payments Until Due—Specific Performance—Waiver of Right of Forfeiture—Rights of Grantee When Put on Inquiry As*

*to Rights of Third Party in Premises—When Grantee Necessary Party in Suit Between Grantors and Such Third Party.*

1. Under a land contract providing for the payment of the purchase price of $1,000 in annual payments of $100, and for the conveyance of the premises by the vendors and the execution of a mortgage by the vendee for the balance whenever $500 and the interest thereon has been paid, the vendee cannot compel the vendors to convey until the required amount has been paid in annual payments as provided by the contract.
2. A creditor cannot be compelled to accept payments on a contract before they are due.
3. In a suit by the vendee for the specific performance of such contract, defendants' answer that they were ready and willing to perform the contract according to its terms constituted a distinct waiver of any right of forfeiture they might otherwise have had because of past failures on the part of the plaintiff to comply with the contract.
4. If the grantee, to whom the defendants conveyed certain premises without reserving a right of way across the same, which the plaintiff by the terms of the contract was to have, was put upon inquiry respecting such right of way, in equity he acquired no greater rights with reference to the same than the defendants had.
5. Since such grantee is not a party to the suit, but is a necessary party for the determination of the respective rights of the parties to such right of way, the case will be remanded so that he can be made a party and given an opportunity to be heard.

APPEAL IN CHANCERY.    Bill for the specific performance of a contract to convey land and for damages arising from certain acts of the defendants which made them unable to comply with the provisions in the contract for the conveyance by them to the plaintiff of a right of way over other land.    Heard on the pleadings and an agreed statement of facts at the March Term, 1920, Rutland County, *Wilson,* Chancellor.    Decree for the plaintiff for specific performance and for the recovery of damages.    The defendants appealed.    The opinion states the case.

*Lawrence, Lawrence & Stafford* and *Asa S. Bloomer* for the defendants.

*Wing & Morse* and *William E. Dever* for the plaintiff.

WATSON, C. J.   The decree rendered below cannot stand for at least two substantial reasons.   First.   It seems to have been rendered on the basis of a wrong interpretation of the land contract as to the terms of payment.   The agreed purchase price is one thousand dollars payable, one hundred dollars on the day of the execution of the contract, and one hundred dollars annually thereafter until fully paid, all moneys due and unpaid to draw interest at the rate of five per centum per annum; and when five hundred dollars has been paid together with interest thereon, the defendants will convey the premises to the plaintiff or to whomever he may direct, and receive a mortgage for the sums then remaining unpaid.

[1, 2]   The plaintiff contends that under the foregoing provisions he had the right to make payments at any time before the stipulated annual payments aggregate the sum of five hundred dollars, and that when the payments in fact made aggregated that sum together with interest thereon, he was entitled to a conveyance of the premises, and defendants were to receive the mortgage securing the sums remaining unpaid.   The defendants, contending to the contrary, say that the plaintiff had no right to make payments oftener nor in larger sums than one hundred dollars per annum, and that only when five hundred dollars with interest thereon has been so paid are they bound to convey the premises and receive a mortgage for the amount remaining unpaid.   We think defendants are right in this contention.   The word *whenever*, says Webster's New International Dictionary, means *at whatever time*.   But it must be interpreted in connection with the provision that the payments shall be made in the sum of one hundred dollars annually, and when thus interpreted it clearly refers to the time when the sum of five hundred dollars shall have been so paid, or sooner, if the times of payment are anticipated by the plaintiff with defendants' consent.   A creditor can no more be compelled to accept payments on a contract before, by the terms thereof, they are due, than can a debtor be compelled to make such payments before they are due.   The time of payment fixed by the terms of a pecuniary obligation, is a

material provision, and each party has the right to stand on the letter of the agreement and perform accordingly. *Saunders* v. *Frost,* 5 Pick. (Mass.) 259, 16 A. D. 394; *People* v. *O'Brien,* 111 N. Y. 1, 18 N. E. 692, 2 L. R. A. 255, 7 A. S. R. 684; 26 R. C. L. 634, § 14. And where the payments are to be made in installments on days specified in the obligation, such payments cannot be made before those days severally, without consent of the person to whom due. *Ebersole* v. *Redding,* 22 Ind. 232. But the person to whom a payment is to be made, may waive his right as to time, and accept payment before maturity. *Pyross* v. *Fraser,* 82 S. C. 498, 64 S. E. 407, 23 L. R. A., (N. S.) 403, 129 A. S. R. 901, 17 Ann. Cas. 150. It follows that the plaintiff's contention that immediate performance of the contract to convey should be decreed upon the payment of three hundred dollars with interest from June 19, 1919, cannot be sustained; for that sum was not due under the terms of the agreement when this suit was brought, and the record does not show consent by defendants to receive payment of any of the installments before due. *Ellis* v. *Craig,* 7 Johns. Ch. 7.

[3] However, with the proper interpretation of the contract established, the bill and answer show no difficulty between the parties in regard to performance in this respect. The plaintiff alleges in his bill that he is ready and willing to perform in accordance with the terms of the contract, including the payments to be made thereon; but that defendants repudiate the contract and refuse to convey the property and accept a mortgage. To this defendants answer that they are ready and willing, upon payment of the sums set forth in the contract, to convey to the plaintiff the premises described, by a good and sufficient warranty deed, and have so offered to convey the same; and deny that they have repudiated the contract, but admit that they have refused to convey the property and accept a mortgage, such refusal being because of terms imposed by the plaintiff, not contained in the contract. In short, this part of the answer is, in effect, that defendants are ready and willing to perform the contract according to its terms. Here is a distinct waiver in the nature of a judicial admission, by the defendants of any right of forfeiture they might otherwise have because of past failures, if any, on the part of the plaintiff to perform as required by the agreement. *Holbrook* v. *Quinlan & Co.,* 84 Vt. 411, 428, 80 Atl. 339; *Nemie* v. *Todd,* 89 Vt. 502, 96 Atl. 14; *Rogers* v. *Whitney,*

91 Vt. 79, 99 Atl. 419. Such waiver leaves the suit at law without any basis on which to stand. And in consequence of this waiver the way is open to the plaintiff to pay, not only all sums past due, with interest thereon, but to continue in performance of the contract by making future payments as they shall become due. *Van Dyke* v. *Cole,* 81 Vt. 379, 70 Atl. 593, 1103; *Smead* v. *Lampher,* 87 Vt. 1, 86 Atl. 1005.

[4, 5] Secondly. The answer sets forth and the agreed statement of facts shows that the "other premises" of the defendants, across which the plaintiff, by the terms of the contract, "is to have the right of way," were, after the execution of the said contract, conveyed by defendants to one C. D. Goodrich, without an express reservation of the plaintiff's right of way across them. Whether Goodrich was put upon inquiry respecting such right of way in season to be affected thereby in taking his deed from defendants, does not appear. Defendants' answer states that the plaintiff "has been at all times and is now permitted to enjoy a right of way across these premises at reasonable and proper times." The intended meaning of this statement is not clear. If Goodrich was put upon inquiry respecting such right of way, then in equity he stands no better with reference to it than would the defendants, had they retained the legal title to the premises. *Wilkins* v. *Somerville,* 80 Vt. 48, 66 Atl. 893, 11 L. R. A. (N. S.) 1183, 130 A. S. R. 906; *Van Dyke* v. *Cole,* 81 Vt. 379, 70 Atl. 593, 1103; *Vermont Marble Co.* v. *Mead,* 85 Vt. 20, 80 Atl. 852. But Goodrich is not a party to this suit, as he essentially should be if the decree is to have effective force on all concerned. On remand of this case, the court of chancery should refuse to proceed to make a decree until Goodrich is made a party defendant and given an opportunity to be heard. Story's Eq. Pl. § 75. For upon the result of such a hearing and determination depend the rights of the plaintiff as to a right of way according to the terms of his contract with defendants, and consequently as to his right to damages against them for failure to perform the contract to the full extent. See *Powers* v. *Trustees of Caledonia County Grammar School,* 93 Vt. 220, 233, 106 Atl. 836. On the record before us, the plaintiff is not entitled to a decree for the damages found; but how it may be when the existence of a right of way, as against Goodrich, is properly determined, necessarily is a question for future consideration.

*Decree reversed and cause remanded with leave to plaintiff to apply, and for further progress. Let defendants recover their costs in this Court.*