SIMON HILLE and John F. Doering, Respondents, v. JACOB
NILL and Mrs. Jacob Nill, Appellants.

(226 N. W. 635.)

Opinion filed August 16, 1929.

*Hutchinson & Lynch,* for appellants.

*F. J. Graham* and *E. F. Coyne,* for respondents.

N<small>UESSLE</small>, J.   In 1909 John Schuldheisz was the owner of the south-east quarter of section 26, township 133, range 66 in LaMoure county, North Dakota, excepting the right of way of the Minneapolis, St. Paul and Sault Ste. Marie Railway Company. This tract lay east of and contiguous to the city of Kulm. The land was prairie

farming land.   Schuldheisz conceived the idea of platting a portion of it so he procured a surveyor and platted nine blocks and one outlot, which he designated as Schuldheisz's Addition.   The portion thus platted extended south along the quarter line from the railroad right of way to the section line.   The plat on opposite page shows the addition and portions of the territory adjacent thereto.

Mix street as shown on this plat is a continuation of the street which marks the south boundary of Kulm.   The territory south of this street was unplatted.   In December, 1909, Schuldheisz sold the outlet to Ludwig Doering, the father of the plaintiff John F. Doering. In January 1910 he sold the unplatted portion of the southeast quarter of section 26 to the plaintiff Simon Hille.   During the year 1910 he also sold the lots comprising block 1 to various individuals. Schuldheisz filed the plat of this addition for record on December 30, 1910, after these several sales were made.   When he sold the unplatted portion of the quarter section to Hille he showed Hille the plat and told him that he would have a way over Mix Street to go to and from Kulm, but the deed made no reference to the plat or any agreement with respect to the use of · the street, nor was there any other writing.   Sometime in 1910 Schuldheisz enclosed block 2 to 9 with a fence.   The tract thus fenced included all of the streets and alleys adjoining these blocks excepting the 10 foot alley along the quarter line to the west.   Hille built a portion of this fence between his property and the platted tract and thereafter this fence was maintained as a party fence.   Pursuant to the agreement between Schuldheisz and Hille a 16 foot gate was placed in the fence at the east end of Mix Street by Hille and a similar gate at the west end of Mix Street by Schuldheisz, and it was understood that these gates were to be used by Hille and those desiring to go to and from his property to Kulm.   During 1910 Hille erected a residence and several buildings about 150 feet east and a little south of this gate.   At the same time Schuldheisz erected a set of buildings on or adjacent to Mix Street.   He dug a well in the street and also had a small gravel pit there.   In 1914 Sshuldheisz sold blocks 2 to 9 to Nill, the defendant.   The property was still fenced and the gates were used pursuant to the agreement between Schuldheisz and Hille.   Nill went into possession.   He had no knowledge of the agreement as made be-

Simon Hille

CITY
OF
KULM

UNPLATTED

CENTER ST.

CHURCH ST.

MIX ST.

ORGAN ST.

Simon Hille

OutLot 1

Section Line Highway

tween Schuldheisz and Hille with respect to the use of the gates or the street, though he knew of their use by Hille. Thereafter both Hille and Nill continued the use of the gates as before. The fence between Hill's property and Nill's was kept up as a party fence. Nill lived on his property and used it for garden and pasture purposes. When Schuldheisz sold to Nill he told Nill that the plat could be vacated and Nill refused to buy until he was thus assured. The outlot sold to Doering was fenced and was used exclusively for pasture purposes. No buildings were erected thereon. The gate from this pasture opened south to the section line. No use was made of any of the streets or alleys of the platted portion by Doering or anyone else using this outlot. Schuldheisz's Addition was never included in the city of Kulm and no improvements of any kind were made on the streets or alleys. In 1924 Ludwig Doering deeded the outlot to the plaintiff John F. Doering. In June 1917, Nill attempted to vacate that portion of the platted property owned by him, to wit: Blocks 2 to 9 inclusive, pursuant to the provisions of § 3963, Comp. Laws 1913. In that behalf he prepared, executed, acknowledged and recorded the requisite declaration, but through error on the part of the person (someone in the office of the county auditor where he asked how he should proceed) who made out this instrument for him, the declaration erroneously recited that he was the owner of all of Schuldheisz's Addition. This instrument was recorded in the office of the register of deeds and the statute was in other respects complied with. Subsequently the owners of the lots in block 1, pursuant to § 3963, supra, vacated that block and the defendant Nill also gave them a quitclaim deed thereto. From the time of the attempted vacation by Nill in 1917 he was continuously in occupation and possession of blocks 2 to 9. He paid the taxes on this property and, although the record is silent as to the matter, we infer that the property was taxed as unplatted property. He continued to live there and kept up the fence as before. The gates were maintained, one at the west end and the other at the east end of Mix Street, he and Hille using them as theretofore. After Nill vacated the property in 1917 he moved his west fence south of Mix Street so as to include the alley. The people of Kulm asked him to leave the alley north of Mix Street and he did so, and it was used by the public. The

section line south of the southeast quarter of section 26 was improved as a highway and used as such. Sometime in 1922 or 1923 the public purchased 50 feet along the east side of the unplatted territory which lay west of Nill's property for highway purposes, and a highway was laid out thereon extending from the street south of Kulm to the section line. This highway was in common use at the time of the trial. Hille and Nill are brothers-in-law. Some trouble arose between them. Nill complained of the manner in which one of Hille's boys drove in going to and from Kulm along Mix Street. He told Hille that he could no longer drive through and narrowed the gates so that vehicles could not pass. Thereupon in August 1927 Hille and Doering began this action to restrain the defendant Nill from closing Mix Street to the public use and to set aside the vacation of the plat. They also asked for damages but later abandoned this claim.

On this record the trial court found for the plaintiffs and gave judgment in accordance with their prayer for relief. The defendants thereupon appealed from the judgment which was entered and demand a trial de novo in this court.

In the trial court and in this court the plaintiffs insist that Schuldheisz when he platted the property in his so-called addition, sold lots with reference to this plat and filed the plat for record, thus dedicated the streets and alleys laid out thereon to the public use; that thereby the plaintiffs and the public generally acquired a right to use such streets and alleys; that Nill's attempted vacation of the plat in 1917 was ineffective and void for the reason that he did not own all of the platted property and that he misstated the facts in his declaration for vacation when he recited that he was the owner of all of it. On the other hand, the defendants insist that what was done by Schuldheisz with reference to the property in question was no more than an offer to the public to dedicate the streets and alleys laid out in the plat; that there was no acceptance on the part of the public; that Hille bought none of the platted property and was a stranger to the plat; that Doering, if he ever had any rights to the streets and alleys by his purchase of outlot 1, waived the same by non-user and by failure to assert such rights; that the vacation by Nill in 1917 was effective and valid as respects the property owned by him; that Doering was not prejudiced thereby; that even though

his rights and privileges were abridged or destroyed by reason of such vacation, he cannot complain at this late date; that Nill has been in open undisputed possession of all of the property including the streets and alleys for more than ten years subsequent to the attempted vacation under a claim of title, and that he has paid the taxes thereon during such time.

On the facts as thus disclosed it seems to us that in so far as the public is concerned there was no more than an unaccepted offer on the part of Schuldheisz to dedicate the streets and alleys to the public use. It is true that Schuldheisz platted his addition and sold the out-lot and the lots in block 1 with reference to this plat. Thereafter he also filed the plat for record as provided by the statute (Comp. Laws 1913, §§ 3942 et seq.). But prior to the filing of the plat for record he enclosed a portion of the property, blocks 2 to 9, together with the streets and alleys included therein and adjacent thereto, within a fence and used all of the property thus enclosed. The platted territory was never included within the city of Kulm or any other municipal organization. No streets or alleys were ever open therein or improved in any manner. The public never had any use thereof. In order to have a completed dedication to the public's use it was necessary that there be an acceptance of the dedication or grant. See Ramstead v. Carr, 31 N. D. 504, L.R.A.1916B, 1160, 154 N. W. 195; Wayne County v. Miller, 31 Mich. 447. Here there was no such acceptance and so no completed dedication.

Though there was no completed dedication to the public it does not necessarily follow that those who had bought lots from Schuldheisz with reference to the plat acquired no rights in the streets and alleys laid out thereon. A distinction is to be made between the consequences following an attempted dedication to the public's use and those that result in favor of individuals who may purchase with reference to a plat. Danielson v. Sykes, 157 Cal. 686, 28 L.R.A.(N.S.) 1024, 109 Pac. 87. In the former case the dedication is not complete until there is an acceptance by the public; in the latter it is complete as between the parties upon delivery of the conveyance. Jones, Easements, § 243. When Schuldheisz sold lots with reference to that plat he impliedly covenanted with those who bought the lots from him that the streets and alleys as shown on the plat would be used for no other purposes.

As to these purchasers he was estopped to deny the dedication in so far as the streets and alleys as laid out were reasonably necessary to the use and enjoyment of the lots thus bought. Cole v. Minnesota Loan & T. Co. 17 N. D. 409, 117 N. W. 354, 17 Ann. Cas. 304; Ramstad v. Carr, 31 N. D. 504, L.R.A.1916B, 1160, 154 N. W. 195; Herold v. Columbia Invest. & Real Estate Co. 72 N. J. Eq. 857, 14 L.R.A. (N.S.) 1067, 129 Am. St. Rep. 718, 67 Atl. 607, 16 Ann. Cas. 580; note in 136 Am. St. Rep. 680. But this estoppel operated only in favor of these purchasers and not to the advantage of the public generally. Baker v. Johnson, 21 Mich. 319. Thus the matter stood in 1917 when Nill attempted to vacate the plat.

Section 3962, Comp. Laws 1913, provides that the proprietor of any plat of any town, village or city or addition thereto, may vacate the same at any time before the sale of any lots therein and prescribes the manner in which this may be done. Section 3963, Comp. Laws 1913, recognizes that the purchasers of lots with reference to a plat thereby acquire rights in streets and alleys as laid out in such plat and provides that any part of a plat may be vacated in the manner prescribed by § 3962, supra, providing that "such vacating does not abridge or destroy any of the rights and privileges of other proprietors in said plat." Pursuant to these sections and subject to the proviso therein contained, Nill had the right to vacate that portion of the platted territory owned by him. He attempted such a vacation. Through error and mistake he included block 1 and outlot 1 in his declaration of vacation. He declared that he was the owner of this block and outlot when in fact he was not. The plaintiffs urge that by reason of this error the whole proceeding on Nill's part was invalidated and therefore there was no vacation of that part of the plat which he in fact owned. We think that this contention cannot be sustained. In the first place Nill's statement in the declaration as to his ownership of block 1 and outlot 1 was unintentional. He relied on someone else who knew more than he about such matters to draw up the declaration for him, and when it was so drawn executed it believing it to state the facts as they were. The public generally was not affected by the vacation. Not having accepted the offer to dedicate the streets and alleys it had acquired no rights. Nill was merely withdrawing his offer to dedicate as he had a right to do.

Prescott v. Edwards, 117 Cal. 298, 59 Am. St. Rep. 186, 49 Pac. 178. The misstatement did not mislead either the owners of the lots in block 1 or the owner of the outlot. Each knew that he was the owner of his respective lot. The owners of block 1 subsequently vacated that block and accepted Nill's quit claim deed to them. Certainly they acquiesced in his vacation. The then owner of outlot 1, Ludwig Doering, made no objection to the vacation by Nill. It may be that Doering had no knowledge of it. That is immaterial, however, since other than the misdescription the attempt to vacate was in all respects in compliance with the statute. We see no reason why such an error as was made by Nill should result in defeating the whole vacation if there was no other reason why that part of the plat which he owned should not be vacated. The only other possible reason that could be urged was that the rights and privileges of the owner of the outlot were destroyed or abridged by the vacation. Now the owner of the outlot had never at any time used any of the streets or alleys in the plat attempted to be vacated. Outlot 1 was fenced. The gate leading out of the enclosure opened to the public highway on the section line. It may be that it would be slightly more convenient for the owner of this property to have an outlet along the 10 foot alley up to Organ Street and thence across to the highway leading into Kulm. The extent of his rights as a purchaser with reference to the plat was the use of the streets and alleys reasonably necessary to the property bought by him. This is the most that he could claim. See Baker v. Johnson, supra; Jones, Easements, § 247. The statute, § 3963, supra, by implication also thus limits his rights.

The defendants contend that even though the owner of Outlot 1 by his purchase acquired rights in the streets and alleys in the plat and therefore might have objected to the vacation of the plat at the time Nill filed his declaration, nevertheless he did not do so and that he and his grantee have so long delayed that no objection can be raised now. There is merit to this contention. The vacation by Nill was in June, 1917. The plaintiff John F. Doering became the owner of outlot 1 in 1924. He had no knowledge, so he says, of the attempted vacation, though he had heard rumors that the plat was vacated. In any event, the tract remained fenced and was used exclusively by Nill who lived thereon, and Doering did nothing about the

matter until August, 1927, when he and Hille began the instant suit. Under the circumstances as disclosed by the record he delayed too long in asserting his rights and objecting to the vacation. If any of his rights were abridged or destroyed by the vacation he should have vindicated them at an earlier time. He and his grantor were content to wait for more than ten years before attempting to assert or protect any rights they may have had. In the meantime Nill openly occupied the premises. He claimed title under his deed from Schuldheisz and his vacation proceedings. He had the premises fenced, and excluded all others therefrom. He paid the taxes upon the property, and though the record is silent as to the matter, we infer it was taxed as unplatted or acreage property. Section 5471, Comp. Laws 1913, provides: "All title to real property vested in any person or persons who have been or hereafter may be in actual open adverse and undisputed possession of the land under such title for a period of ten years, and shall have paid all taxes and assessments legally levied thereon, shall be and the same are declared good and valid in law, any law to the contrary notwithstanding." Doering's claim of right to the streets and alleys was based upon his purchase of outlot 1. It was a purely private right. Nill's occupation of the premises was in direct conflict with it. The statute above quoted applies in such a case and sustains Nill's claim of title. Doering's action was too late. Collins v. Reimers, 181 Iowa, 1143, 1 A.L.R. 878, 165 N. W. 373; Savannah v. Barnes, 148 Ga. 317, 96 S. E. 625, 9 A.L.R. 419, and note.

Hille occupies a position in this action somewhat different from that of the plaintiff Doering. Hille was a stranger to the plat. He bought and owned none of the platted property. Nill's right to vacate the plat was not affected by Hille's ownership of the unplatted property. It is true that when Schuldheisz sold to Hille he referred to the plat and told Hille that the purchase carried with it the right to the use of Mix Street, but this agreement was not put in the deed and was not reduced to writing. The fact that it was agreed between them that Hille should erect and maintain a gate at the east end of the street and that Schuldheisz should erect and maintain one at the west end of the street, negatives any belief on Hille's part and any intention on Schulheisz's part that the street should be open to the

general public use. Nevertheless it resulted in the creation of an easement in favor of Hille. Though an easement may not be created by parol (see §§ 5888, 5963, Comp. Laws 1913; Cole v. Minnesota Loan & T. Co. 17 N. D. 409, 117 N. W. 354, 17 Ann. Cas. 304, note in 136 Am. St. Rep. 680), one may be created by estoppel (Forde v. Libby, 22 Wyo. 464, 143 Pac. 1190; Pom. Eq. Jur. § 807; 19 C. J. 873). Here, Hille bought his land in the light of Schuldheisz's representation that he would have a way over Mix Street to and from Kulm. Pursuant to the agreement between himself and Schuldheisz, Hille, in reliance thereon, erected his buildings with reference to this street, Schuldheisz knowing and acquiescing. He used it for many years in the manner contemplated by the agreement. This use was more than merely permissive. Under the circumstances for Schuldheisz to deny the right of such use of the street to Hille would work a fraud upon the latter, and so he was estopped to do so. It is true that Nill had no knowledge of this arrangement between Schuldheisz and Hille. He objected to the introduction of any evidence tending to show such oral arrangement as they may have made and which, acted upon by Hille, resulted in the creation of the easement. He did this on the ground that he had no knowledge of it and that, in any event, aside from other objections that might be made, he was not bound on that account. It appears, however, that at the time he bought from Schuldheisz he knew of the gates that were maintained and knew of Hille's use of the street. In fact he himself had oftentimes gone that way in visiting Hille. Thus he had knowledge of facts which should have put him upon notice and inquiry, and thus he is bound to the same extent that Schuldheisz was bound with respect to the creation of the easement. See Peryer v. Pennock, 95 Vt. 313, 17 A.L.R. 863, 115 Atl. 105; Forde v. Libby, 22 Wyo. 464, 143 Pac. 1190; Pom. Eq. Jur. §§ 688, et seq.

In view of what we have said above it follows that the plaintiff Doering is not entitled to injunctional relief as against the closing of Mix Street, nor is he entitled to a judgment setting aside the attempted vacation of the plat by Nill or for damages on account of what Nill did with respect to the closing of Mix Street. It also follows that the plaintiff Hille is not entitled to judgment declaring the vacation of the plat to be ineffective and void; nor is he entitled to

the injunction to the full extent of his prayer for relief. He is, however, entitled to a judgment awarding him an easement consistent with the agreement entered into between him and Schuldheisz at the time of the purchase of his land from Schuldheisz and the erection and maintenance of the gates in the enclosure surrounding the Schuldheisz premises. The use made by him of this way will measure the extent of his easement.

The case will therefore be remanded and judgment will be entered in favor of the defendants Nill and against the plaintiff Doering, and in favor of the plaintiff Hille and against the defendants Nill in accordance with the foregoing opinion.

BURKE, Ch. J., and BIRDZELL, BURR, CHRISTIANSON, JJ., concur.