566 P.2d 370 (1977)
Denis L. CARPENTER and Debra A. Carpenter, Plaintiffs-Appellants,
v.
Ruth Watts WINN, a/k/a Mrs. N. P. Winn, Defendant-Appellee.
No. 76-514.
Colorado Court of Appeals, Div. II.
April 21, 1977.
Rehearing Denied May 12, 1977.
Weltzer & Worstell, Louis A. Weltzer, Nederland, for plaintiffs-appellants.
Gaunt, Dirrim & Coover, Bradley J. Coover, Brighton, for defendant-appellee.
ENOCH, Judge.
Plaintiffs, Denis and Debra Carpenter, appeal a judgment dismissing their claim against defendant, Ruth Watts Winn, for recovery of certain monies paid by plaintiffs to defendant in order to procure legal title to a lot defendant sold to plaintiffs under an installment land contract. We affirm.
The facts are undisputed: On February 19, 1972, plaintiffs and defendant entered into an installment land contract for the sale and purchase of a lot in Thornton. The sale price was $10,989.14 "to be paid in monthly installments of $100.63, such payments to be credited first to interest at 8 per cent per annum and then to principal." Defendant was to convey the property in fee simple by a warranty deed, provided plaintiffs first made the payments agreed to in the contract. Plaintiffs made 43 monthly payments in accordance with the terms of the contract, thus reducing the principal to $9,631.24, by October 31, 1975. On that date, plaintiffs tendered to defendant the total remaining unpaid principal and demanded a warranty deed conveying the property to them in fee simple. Defendant refused the tender, and instead demanded that plaintiffs pay her the total *371 principal plus $3,950.79, which represented the total remaining interest which would have been paid over the term of the contract. Plaintiffs paid this total amount under protest in order to procure the warranty deed from defendant, and brought this action to recover the unearned interest.
The sole question presented by this appeal is: In the absence of a contractual provision dealing with prepayment, can a seller under an installment land contract refuse an early tender of the principal remaining due? The answer is in the affirmative.
This issue has not been previously addressed in Colorado, but it is well-settled in other jurisdictions that a purchaser cannot compel a vendor to accept tender of payments prior to the time they become due. See, e. g., Hanson v. Fox, 155 Cal. 106, 99 P. 489; Baldwin v. Corcoran, 320 Mo. 813, 7 S.W.2d 967; Wilson v. Corcoran, 73 Mont. 529, 237 P. 521; Goetz v. Hubbell, 66 N.D. 491, 266 N.W. 836; Peryer v. Pennock, 95 Vt. 313, 115 A. 105, 17 A.L.R. 863. See generally Annot., 17 A.L.R. 866. The reasons variously given for the rule in these cases are that the debtor has no greater right to compel the creditor to accept payment before it is due than the creditor has to compel the debtor to make payment before that time, and both parties have a right to the fulfillment of the contract according to its terms. Also, installment payment provisions are not made solely as an accommodation for the buyer, but may also be made for the vendor's benefit, e. g., for tax and investment reasons.
Plaintiffs brand this rule as "antiquated" but cite no applicable contrary authority. Cases cited by plaintiffs are distinguishable from the case at bar because in each of them it was an acceleration of the entire debt or a threat of foreclosure by the lender that made it necessary for the borrower to pay a lump sum. See Steffen v. Refrigeration Discount Corp., 91 Cal.App.2d 494, 205 P.2d 727; A-Z Servicenter, Inc. v. Segall, 334 Mass. 672, 138 N.E.2d 266. In contrast, there was no action by defendant in the present case which made it necessary for plaintiffs to pay more than the stated periodic payments. Rather, plaintiffs, without any involvement of defendant, entered into an agreement with third parties to convey the property, and under these circumstances, there is no reason to deny defendant the benefit of her contract. The express terms of the contract called for fixed periodic payments, and defendant was entitled to demand the consideration she did as an inducement to waive her rights. McCarty v. Mellinkoff, 118 Cal.App. 11, 4 P.2d 595; see also Annot., 75 A.L.R.2d 1265.
Plaintiffs rely heavily on the case of Dubois v. Bowles, 55 Colo. 312, 134 P. 112, to support their contention that a tender of the full amount of principal due relieves them of liability for further interest payments. However, Dubois is in fact a waiver or estoppel case wherein the mortgagee had agreed to a sale of the property to the county in order to obtain payment of the amount due him, but then withdrew his offer over the mortgagor's protests when the county attempted to consummate the sale. There, the court held that under the circumstances the mortgagee's withdrawal of his offer of sale was equivalent to refusal of a tender of a sum due him on that day, and that he was therefore precluded from recovering interest accruing after that date. Here, in contrast, defendant did not refuse a tender of money due her on the applicable date. She at no time waived her rights under the terms of the contract to receive payments only on a fixed periodic schedule.
Plaintiffs also contend that this rule permitting defendant to demand additional consideration as a condition to conveying title is an unconscionable restraint on alienation. We disagree.
Restraints which withdraw property from commerce are invalid; however, a restraint is invalid only if it is unreasonable in view of the justifiable interests of the parties. Malouff v. Midland Federal Savings & Loan Association, 181 Colo. 294, 509 P.2d 1240. Here, there was no prohibition against assignment of the contract by the purchaser. Thus, all incidents of ownership except the legal title could be alienated at *372 any time, and even the legal title would be transferrable within several years. Thus, it cannot be said that these restraints unreasonably withdrew the property from commerce, especially in light of the vendor's justifiable interests in receiving payment in accordance with the terms of her agreement.
The vendor's right not to accept early payment may be waived by contractual provision, and when there is such a waiver, any prepayment penalty or premium must be specifically provided for in the contract. See Burks v. Verschuur, 35 Colo.App. 121, 532 P.2d 757. In the absence of such a contractual provision, however, there is no right to prepay.
Judgment affirmed.
RULAND and KELLY, JJ., concur.