Martin PODANY, Petitioner, Respondent,

v.

Margaret PODANY, Appellant.

No. 47723.

Supreme Court of Minnesota.

June 9, 1978.

Rehearing Denied July 21, 1978.

Meshbesher, Singer & Spence and John P. Clifford, Bergman, Knutson, Street & Ulmen, Lloyd O. Bergman, Minneapolis, for appellant.

E. E. Ranta and Stephan A. Pezalla, Jr., Minneapolis, for respondent.

PER CURIAM.

This appeal involves the dissolution of a 53-year marriage. At the time of the trial the husband was 75 years old and the appellant wife was 73 years old. Two children were born of the marriage, a son 42 years old and a daughter 39 years old.

The parties were joint owners of a 16-year-old home in Excelsior, valued by the husband's appraiser in the upper $90,000's to $100,000. The wife's appraiser substantially agreed to this evaluation. The furnishings were valued at between $20,000 and $30,000.

The parties own a home in Fort Lauderdale, Florida. There was a dispute in the testimony as to whether this home contained a two-room efficiency apartment that could be rented. The wife's appraiser valued this home at $45,000 to $46,000, exclusive of furnishings, and the husband's appraiser valued the home at $66,500, including furnishings.

Financial statements of the printing business were received in evidence. The husband owned 60 percent of the stock and the son and daughter owned 40 percent. The corporate financial statement for the year 1976 reveals that the stockholders' equity amounted to $329,873. The documentary evidence showed a net profit of $6,477 in 1974 and net losses of $20,762 in 1975 and $25,500 in 1976. Apparently the husband planned to retire in 1974. He turned the operation of the business over to the son. At that time the wife turned her stock over to the son. The husband testified that the son's operation of the business was not very successful. The husband had to return to active management and had to borrow money so as to continue the business. The husband refinanced the mortgage on the building the business occupies to get working capital.

In November 1974 the wife left the home, taking one of the cars to Florida. The husband went to Florida a few weeks later. The wife had changed locks on the Florida home and would not see her husband. This was the end of the marriage. In the spring of 1975 the wife moved most of the furniture in the Excelsior home into an apartment she had rented in the Minnetonka area. Presently the wife lives in Florida 6 months of the year and maintains the Minnetonka apartment 12 months and occupies it for approximately 6 months of the year.

In July 1975 the husband commenced this action. A temporary alimony order ordered him to pay $1,000 per month. The husband has been delinquent in meeting the temporary payments. At the time of trial he owed $1,500 in arrearages. His earnings supported by the income tax returns were as follows:

| Year | Wages from Corporation | Adjusted Gross Income |
|------|------------------------|-----------------------|
| 1972 | $41,239.00 | $57,307.00 |
| 1973 | $41,580.00 | $50,497.00 |
| 1974 | $43,490.00 | $46,682.00 |
| 1975 | $23,865.00 | $27,761.00 |

His salary at trial was $425 per week. Additionally, he received $352 per month on a contract for deed with a current balance which amounted to $4,000. His take-home pay together with social security amounted to $1,983 per month. He has the use of a company car and expense account. He estimates his monthly expenses at $1,847. The husband had roughly $5,500 in savings accounts. The company made the alimony payments to his wife. The payments were charged as a loan to the husband.

The wife's income, other than alimony, was social security in the sum of $228 per month. She had $2,300 in savings and a new car she purchased in May 1976 for $5,900. She had two cars, one in Florida and one in Minnesota. Her monthly expenses were estimated at $1,400 per month, which included the rent for the Minnetonka apartment. The trial court's award was as follows:

TO MARGARET PODANY:

1. The home in Florida.

2. 1972 Dodge automobile.

3. Each party shall have all the furniture in his or her possession.

4. One-half of the joint savings accounts.

5. Mr. Podany shall maintain her as the beneficiary on his life insurance policies.

6. Alimony of $600 per month.

7. Awarded attorney's fees of $2,500 to be paid by Mr. Podany.

TO MARTIN PODANY:

1. The home in Excelsior.

2. 1973 Oldsmobile.

3. Each party shall have all the furniture in his or her possession.

4. One-half of the joint savings accounts.

5. Although no specification was made, the court allowed Mr. Podany to keep all of the common stock he owned in Martin Podany & Associates, Inc.

The court's reasons for the award were set forth in this excerpt from a memo attached to his order that reads as follows:

" * * * Two factors impressed the Court at the trial about these assets. Petitioner had given respondent a substantial block of the corporate stock. She turned it over to the parties' son. He ran the company for awhile, and the business suffered badly. Petitioner, shortly to become 76, has had to go back in the business to save it. It is difficult for the Court to justify requiring petitioner to turn over to respondent more of the stock in which she has previously shown no constructive interest.

"The parties were living together in the homestead. Without warning to petitioner and in his absence from the home, she moved out and stripped most of the downstairs furniture and furnishings to take with her. By the Court's conclusions, she has been allowed to keep the furniture. She has shown no adequate interest to justify giving her part ownership of the house."

On a motion for amended findings on the grounds that the findings were insufficient to support the conclusions, the trial court made an additional finding that the value of the homestead was $90,000 and increased the alimony from $600 to $800 per month. Some minor adjustments in the savings accounts were also made.

The wife urges on this appeal that the trial court erred in failing to make any finding as to income and value of assets so as to make a proper base for the conclusions of law. Urged also was that the award of alimony and distribution was an abuse of discretion of the trial court.

█ Only the parties testified at the trial. There was substantial documentary evidence by way of financial statements of the corporation prepared by certified public accountants, copies of income tax returns, written appraisals by competent real estate appraisers, submitted and made a part of the record in this case. Except for whether the Florida property contained a unit that would be income producing, there was no real dispute in the evidence. In this case the record is clear and included ample documentary evidence. In the case of *Roberson v. Roberson,* 296 Minn. 476, 206 N.W.2d 347 (1973), this court held that the judgment of the trial court may be upheld in the absence of findings as required in Rule 52.01, Rules of Civil Procedure, where the record reveals

with sufficient clarity the factual basis supporting the trial court's decision. Such is the record in this case.

 The broad discretion in the trial court in determining awards in dissolution proceedings will be overturned only upon a clear showing that such discretion has been abused. *Hertz v. Hertz,* 304 Minn. 144, 229 N.W.2d 42 (1975). In exercising its discretion the trial court among other criteria undoubtedly considered the age of the parties and the earning ability of each. What the trial court endeavored to do was divide the property as evenly as possible but awarded the husband his majority interest in the company. This division of property was necessary in order for the husband to maintain his livelihood and make it possible to provide alimony for his wife. The wife's overall testimony leaves the strong impression that her standard of living is as good or better than that before the dissolution. She has a car and apartment she maintains in this area. She was able to purchase in May of 1976 for cash a $5,900 automobile. A review of the evidence indicates that there is little or no basis for a finding that the trial court acted in abuse of its discretion.

Costs and attorneys fees all disallowed to either party.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.