**Floyd A. KRUSE, Appellant,**

v.

**Harvey J. PLANER, Respondent.**

No. 49208.

Supreme Court of Minnesota.

Aug. 24, 1979.

---

Steven B. Szarke and George C. MacDonald, Buffalo, for appellant.

Johnson, Johnson & Douglas and Kim R. Johnson, Buffalo, for respondent.

SCOTT, Justice.

Floyd A. Kruse (plaintiff) appeals from a June 28, 1978, judgment of the Wright County District Court which denied and dismissed his request for a declaratory judgment. Pursuant to Minn.St. c. 555, plaintiff had sought a declaration that a certain contract for deed entered into between himself and Harvey J. Planer (defendant) granted him prepayment privileges without penalty. The district court concluded that the contract did not authorize prepayment. We affirm.

On November 20, 1974, plaintiff and defendant entered into a contract for deed for the sale of real property in Wright County, Minnesota. Pursuant to the contract, plaintiff agreed to pay defendant $84,000; $20,-

000 downpayment and $64,000 in equal monthly installments of $493.97. Sometime in 1977 plaintiff sought to refinance the farm. Claiming that the contract allowed prepayment, plaintiff tendered defendant the outstanding principal. Defendant, however, denied that prepayment was authorized by the contract and, because of the tax consequences of such a transaction, refused to accept the tender of payment. Plaintiff then commenced this action.

The following issues are presented by this appeal:

(1) Did the trial court commit reversible error by failing to make separate findings of fact and conclusions of law?

(2) Does the language "if not sooner paid" authorize prepayment?

1. On June 13, 1978, the trial court entered its order denying plaintiff's request for a declaratory judgment. Although the trial court explained its decision in a three-page memorandum, it failed to make the separate factual findings required by Rule 52.01, Minnesota Rules of Civil Procedure.[1] Plaintiff argues that the trial court's failure to comply with Rule 52 constitutes reversible error. We are unpersuaded by this contention.

This court has consistently held that—
"* * * where the record is reasonably clear and the facts not seriously disputed, the judgment of the trial court can be upheld in the absence of trial court findings made pursuant to Rule 52.01, Rules of Civil Procedure. [Citations omitted.]" *Roberson v. Roberson*, 296 Minn. 476, 478, 206 N.W.2d 347, 348 (1973).
See, also, *Podany v. Podany*, 267 N.W.2d 500, 502 (Minn.1978). It is apparent from the record that the trial court's decision in this case was based solely on the language of the contract for deed without resort to extrinsic evidence. Thus, the only material facts relied upon by the district court in reaching its decision, i. e., the existence of a

contract and the language thereof, are not in dispute. Consequently, since the record clearly reveals the factual basis for the trial court's ruling, the absence of Rule 52 findings does not entitle plaintiff to relief.

2. It is well settled that, absent consent of the vendor, a purchaser may not accelerate the time of payment from that delineated in the contract. See, *Porten v. Peterson*, 139 Minn. 152, 166 N.W. 183 (1918); see, generally, Annot., 17 A.L.R. 866. As stated by the court in *Peryer v. Pennock*, 95 Vt. 313, 115 A. 105, 17 A.L.R. 863 (1921):
"* * * A creditor can no more be compelled to accept payments on a contract before, by the terms thereof, they are due, than can a debtor be compelled to make such payments before they are due. The time of payment fixed by the terms of a pecuniary obligation is a material provision, and each party has the right to stand on the letter of the agreement and perform accordingly. [Citations omitted.]" 95 Vt. 314, 115 A. 105, 17 A.L.R. 864.
So that this well-founded principle is not undermined we will construe contractual language as authorizing prepayment only when such a right is clearly shown.

The contract involved here specifies the purchase price, downpayment, amount of monthly payment and interest rate, and then provides:
"Such monthly payments of $493.97 shall be applied first to pay the interest on unpaid principal at the rate of 8% per annum and the balance shall be applied on principal until both principal and interest are paid in full; provided however, that *if not sooner paid* the entire balance hereunder including both principal and interest shall be due and payable June 20, 2000." (Italics supplied.)
We agree with the trial court that the phrase "if not sooner paid" does not authorize prepayment. Accelerated payments, in whole or in part, are always possible by

---

1. Rule 52.01 provides in pertinent part as follows: "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment: * * *."

subsequent mutual agreement of the parties. We believe that the words "if not sooner paid" recognize this possibility and thus would apply if the parties later modify the contract to allow for prepayment. Therefore, we hold that the contract in question does not confer on plaintiff the right to prepay the balance owed under the agreement.[2]

Affirmed.

TODD, J., took no part in the consideration or decision of this case.

---

**2.** Contrary to plaintiff's contention, our decision in *Peters v. Fenner*, 294 Minn. 488, 199 N.W.2d 795 (1972), does not support a different result. In that case, the contract provided for monthly installments of "not less than" $223.84. We construed this language as authorizing prepayment. The phrase "not less than" clearly gave the purchaser the right to pay more than the sum specified in the contract. In contrast, the words "if not sooner paid" do not expressly allow the vendee to pay an amount greater than that set out in the payment schedule. Thus, plaintiff's reliance on the Peters decision is misplaced.