George W. JURGENS and Margaret M. Jurgens, Plaintiffs and Appellees,

v.

Ronald HEISLER and Elaine Heisler, Defendants and Appellants.

Civ. No. 10988.

Supreme Court of North Dakota.

Jan. 7, 1986.

Traynor, Rutten & Traynor, Devils Lake, for plaintiffs and appellees; argued by Thomas E. Rutten.

Foughty, Christianson & White Eagle, Devils Lake, for defendants and appellants; argued by Mary Christianson and Melvin Christianson.

MESCHKE, Justice.

Ronald and Elaine Heisler (Heisler) appeal from a district court judgment determining that a parcel of land between two lots was intended to be a private road for access to three lots owned by George and Margaret Jurgens (Jurgens) in an adjacent subdivision and was not dedicated or accepted as a public street. We reverse and remand.

In 1974, Jerome Brown, Marcella Brown, Vernon Ivers, Harold Monteith, and Elizabeth Monteith platted a tract of land as Jerbomar Estate. (See Appendix). The Proprietors Certificate on the plat, executed by the platters, stated that "[a]ll streets shown on the attached plat are hereby dedicated to the public use forever." After approval by the Devils Lake and Creel Township planning commissions, the plat was recorded with the register of deeds.

In reliance on the recorded plat showing Lots 37 and 38 to be corner lots, Heisler purchased them in 1974 and 1976. Jurgens bought three lots in an adjoining subdivision in 1979. Access to the three lots is provided by the 60-foot-wide strip between Lots 37 and 38 of Jerbomar Estate, upon which a 30-foot road had been built in 1975 or 1976. In 1982, Jurgens obtained a quit claim deed to the strip between Lots 37 and 38 from several of the platters of Jerbomar Estate.

Jurgens sued to enjoin Heisler from using the strip between Lots 37 and 38, to require Heisler to remove an approach and culvert installed on the disputed area to provide access to Lot 38, and to recover damages. Heisler answered and counterclaimed, asserting that the strip in issue was a public street and seeking damages as well as an injunction prohibiting Jurgens from obstructing the street and requiring Jurgens to remove obstructions placed on the street.

The trial court made the following findings of fact and conclusions of law:

"FINDINGS OF FACT

\*    \*    \*    \*    \*    \*

"IV.

"That the disputed tract of land described hereinabove in paragraph II is not adequately described in the public records to indicate its legal status and the Court does hereby find from evidence presented that this undesignated strip is a designated private access road to Lots 16, 17, and 18 of Frison's Second Subdivision. The intent of the predecessors in interest was to make it such and there has been no acceptance by the governing body of this area to make it a public road.

\*    \*    \*    \*    \*    \*

"CONCLUSIONS OF LAW

"I.

"The Court concludes that it was the intention of the predecessors in interest that this disputed area ... may be maintained as a private road for access to the Plaintiffs' property and there was no dedication and/or acceptance of this disputed area as a public street...."

The court enjoined Heisler from using the property, ordered removal of the approach and culvert, awarded no damages, and dismissed Heisler's counterclaim. Judgment was entered accordingly and this appeal followed.

Heisler submits that the trial court erred in finding that (1) the disputed strip was not adequately described to indicate its legal status; (2) there was no dedication of the strip as a public road; and (3) there was no acceptance of the strip as a public road by the governing body.

Examination of the plat discloses that Jerbomar Estate contains 42 designated lots depicted by solid lines on all sides. The platted subdivision is bisected by a strip of land 60 feet wide running its entire length which is abutted by: Lots 13 through 25, 29, and 35 through 39; the disputed strip, which is 60 feet wide with solid lines on only three sides, and open to the bisecting strip; and by another 60-foot-wide strip into a cul de sac abutted by seven lots which is also open to the bisecting strip. The bisecting strip clearly ap-

pears to be a street, although not expressly designated as such, since it is abutted by 19 lots and provides the only access to those lots. The two 60-foot-wide strips, which abut and open into the bisecting strip similarly abut and provide access to the off-set cul de sac lots in Jerbomar Estate in one case, and to Jurgens's lots in the adjacent subdivision, in the second case.

The Proprietors Certificate clearly indicates that there are streets shown on the plat. The only areas depicted on the plat susceptible of being streets are the 60-foot-wide strips.[1] The disputed strip bears the same indicia of being a street as the strip with which it intersects, which, if not a public street, provides Jurgens with no access to his lots in the adjoining subdivision. The plat contains nothing indicating that the strip in issue is either excluded from the plat or designated as a private road.

█ The Proprietors Certificate and the plat are thus clear and unambiguous, rendering extrinsic evidence of intent inappropriate. Construing the plat and the Proprietors Certificate together, we conclude that the plat adequately indicates that the strip in issue is a street, which the Proprietors Certificate states is "dedicated to the public use forever." The trial court, therefore, erred in determining that the disputed strip "is not adequately described in the public records to indicate its legal status." We are definitely and firmly convinced that a mistake was made in finding that the strip in issue is "a designated private access road." That finding is, therefore, clearly erroneous.

The trial court improperly considered testimony by the platters that they intended the disputed strip to be a private access road. "[T]he intention recognized by the court is to be ascertained from the acts of the owner, and not from the purpose hidden in his mind." *Ramstad v. Carr,* 31 N.D. 504, 154 N.W. 195, 199 (1915). The platters' acts, in recording the plat and dedicating the streets, manifested an intention to dedicate the strip in issue to public use. Lots were sold to Heisler with reference to the plat. Therefore, the platters are estopped to assert title to the strip in issue and Heisler is entitled to require the platters and their grantees to keep the strip open for use as a public street. *Ramstad v. Carr, supra.*

█ We have determined that the strip in issue was dedicated by the platters as a street for public use. Whether or not the dedication was accepted by the governing body is irrelevant to a determination of these parties' rights in the strip. While a dedication may not impose any responsibility on a governing body until it accepts the dedication, the dedication was complete as between the platters and Heisler, as a purchaser of lots in reliance upon the plat. Thus, the platters are estopped to deny the dedication. *Hille v. Nill,* 58 N.D. 536, 226 N.W. 635 (1929). Jurgens has no greater rights than the platters.

For the reasons stated, the judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.

---

1. No issue has been raised with respect to the platters' failure to name the streets shown on the plat. *See* § 40–50–01(1), N.D.C.C.

APPENDIX

A copy of the plat of Jerbomar Estate is reproduced below.