**Gary A. BAHMILLER and Cody K. Bahmiller, husband and wife, Plaintiffs and Appellees,**

v.

**James E. DIETZ, Defendant and Appellant.**

**Civ. No. 870287.**

Supreme Court of North Dakota.

Feb. 25, 1988.

William C. Severin, Bismarck, for plaintiffs and appellees.

John M. Olson, Bismarck, for defendant and appellant.

VANDE WALLE, Justice.

James Dietz appealed from a summary judgment for Gary and Cody Bahmiller in their action seeking a declaratory judgment that an easement described on a plat provided access to the Bahmillers' property. We reverse and remand.

Dietz and the Bahmillers are owners of adjoining land near Bismarck, North Dakota. The Bahmillers purchased their property, consisting of Lot 1 of Strothman's First Addition and the West 14.7 feet of Lot 1 of Midgette's First Subdivision, in 1980. Dietz purchased his property, consisting of the remainder (the major portion) of Lot 1 of Midgette's First Subdivision, in 1979. The two properties are contiguous to one another.

Midgette's First Subdivision was dedicated, and its plat recorded, in 1978. The plat dedicating Midgette's First Subdivision identifies the South 24 feet of Lot 1 of the subdivision as an "access & utility easement." The owner's certificate and dedication on the plat refers to the dedication of easements, stating: "It also dedicates easements, to run with the land, for water, sewer, gas, electric, telephone, or other public utility lines or services under, on, and over those certain strips of land designated hereon as 'utility easements.'"

A dispute arose between Dietz and the Bahmillers as to the purpose of the "access & utility easement." The Bahmillers filed a complaint seeking a declaratory judgment declaring that the "access & utility easement" provided them with a "right-of-way, access and passageway across the south 24 feet of Lot 1" of Midgette's First Subdivision. After Dietz had answered the complaint, the Bahmillers moved for summary judgment. The trial court granted this motion and a judgment was entered. It is from that judgment that Dietz appealed.

The issue in this case is whether the trial court properly granted summary judgment.

Rule 56(c), N.D.R.Civ.P., governs the determination of summary-judgment motions. That rule provides:

"Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

Under this rule,

"Summary judgment is a procedural device available for the prompt and expeditious disposition of a controversy without a trial if there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts, or if only a question of law is involved." *Milbank Mut. Ins. Co. v. Dairyland Ins. Co.*, 373 N.W.2d 888, 890 (N.D.1985) [citing *Herman v. Magnuson*, 277 N.W.2d 445 (N.D.1979)].

In this case the trial court in its memorandum opinion determined that there was a dispute as to the material facts, but that the plat was an undisputed fact from which the court could decide the case. The trial court determined that although the dedication paragraph did "not describe a specific road easement," the face of the plat described an "access & utility easement" from which anyone looking at the plat would conclude that it provided an easement for access. Thus the trial court concluded that there could be no dispute as to the inferences to be drawn from the undisputed fact of the plat. We disagree.

As the trial court noted, the face of the plat identifies an "access & utility easement," which may imply that there is an easement for access. However, the dedication paragraph describes the easements created in the plat, stating that they are "to run with the land, for water, sewer, gas, electric, telephone, or other public utility lines or services under, on, and over those certain strips of land designated hereon as 'utility easements.'" Thus the dedication paragraph makes no mention of an easement for access. Under the facts there is an ambiguity as to what kind of

easement was created by the plat. Therefore, there is a dispute as to the inferences to be drawn from the plat, and thus summary judgment was inappropriately granted. *Compare Jurgens v. Heisler*, 380 N.W.2d 329 (N.D.1986) [proprietors' certificate and plat clear and unambiguous, rendering extrinsic evidence of intent inappropriate].

In opposing the summary judgment Dietz has argued that he should have been granted summary judgment because the provisions of Section 40–50–01(11), N.D.C. C. (repealed by 1987 N.D.Sess.Laws ch. 501, § 20), prevented the creation of any type of easement in a plat other than one for utilities or drainage. We note that Section 40–50–01(11) was not enacted until 1979 (1979 N.D.Sess.Laws ch. 451, § 1), and that the plat of Midgette's First Subdivision was dedicated and recorded in 1978. Because the provisions of Section 40–50–01(11) were not in effect at the time this plat was created, they do not affect this case.

We conclude that summary judgment was inappropriate. Therefore, we reverse the summary judgment and remand the case to the trial court for further proceedings.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.