ROBERT R. LATIMER *et al.*, Plaintiffs-Appellees, v. GRUNDY COUNTY NATIONAL BANK, as Trustee, *et al.*, Defendants-Appellants.

Third District   No. 3—92—0356

Opinion filed January 7, 1993.

Joseph V. Moschetti, of Coal City, for appellants.

Jeffrey L. Fisher, of Wilmington, for appellees.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The vendor in a commercial installment land contract appeals from a judgment in a declaratory action which allowed the purchasers to prepay the contract indebtedness in full. In a case of first impression in Illinois, we apply the rule of the majority of jurisdictions, which do not recognize a right of prepayment in the absence of statute or agreement. However, we conclude that the contract at issue expressly allowed prepayment. Therefore, we affirm.

The plaintiffs, Robert R. Latimer and Linda I. Latimer, entered into an installment contract for deed for the purchase of certain commercial real property. Title to the property was held in trust by the defendant-vendor, Grundy County National Bank, under the terms of a trust agreement. Defendant, Fatmeh K. File, was the settlor and beneficiary of the trust.

The contract called for a down payment and a series of monthly installments payable over a 15-year period at 10% interest. The contract further provided:

> "The first such monthly payment shall be due and payable on July 1, 1988, with a like amount due and payable on the 1st day of each month thereafter, except that the entire unpaid balance, with any accrued and unpaid interest[,] shall be due and payable on June 1, 2003, *if not sooner paid*." (Emphasis added.)

The contract was drafted by the vendor's attorney.

Three years into the contract, the purchasers insisted on prepaying the principal, with interest only to the date of prepayment. The vendor refused to accept the tender of payment. The purchasers then brought a declaratory action to compel the vendor to accept payment in satisfaction of the balance due under the contract. Following a hearing, the circuit court of Will County entered the declaration sought by the purchasers. The court found that the contract language "if not sooner paid" evidenced the parties' intent to allow the option of prepayment. We agree.

The long-standing majority rule is that a purchaser under an installment land contract who promises to pay installments at specified times or at a specified date *cannot* compel a vendor to accept prepayment, *absent* statutory authority or contractual language reserving to the purchaser an option or right to accelerate payments. *Promenade Towers Mutual Housing Corp. v. Metropolitan Life Insurance Co.* (1991), 324 Md. 588, 592, 597 A.2d 1377, 1379-80; *Carpenter v. Winn* (1977), 39 Colo. App. 238, 239, 566 P.2d 370, 371; Annot., 17 A.L.R. 866 (1922).

A few States have abrogated the majority common law rule in favor of a general presumption of prepayment. *Hatcher v. Rose* (1991), 329 N.C. 626, 629, 407 S.E.2d 172, 177 (inferring the mortgagor's right to prepay from several statutes, a State real property treatise, and a form deed of trust promulgated by the State bar association); *Skyles v. Burge* (Mo. App. 1990), 789 S.W.2d 116, 119-20 (concluding that a statute on prepayment penalties established a maximum allowable prepayment penalty and granted the right to prepay without pen-

alty after five years); *Mahoney v. Furches* (1983), 503 Pa. 60, 66, 468 A.2d 458, 461 (concluding that the majority rule restrains the free alienability of land).

Philosophical justifications of mutuality and freedom of contract support the majority rule. First, courts have reasoned that the debtor should have no right to prepay if the creditor has no reciprocal right to accelerate or call the loan. (*E.g., Promenade Towers*, 324 Md. at 592, 597 A.2d at 1385.) Second, allowing prepayment where that right has not been reserved works an unprincipled contract law result by condoning a unilateral change in the terms of the contract. (*Arthur v. Burkich* (1987), 131 A.D.2d 105, 106, 520 N.Y.S.2d 638, 639.)

> "The time of payment fixed by the terms of a pecuniary obligation is a material provision, and each party has the right to stand on the letter of the agreement and perform accordingly."
> *Peryer v. Pennock* (1921), 95 Vt. 313, 315-16, 115 A. 105, 105.

Also, installment payment provisions are not made solely as an accommodation to the purchaser, but may also be made for the vendor's benefit. A mortgage or other promissory note is an investment instrument designed to secure for the holder a regular flow of income over a definite period of time at a predictable rate of return. (*Skyles*, 789 S.W.2d at 119.) To allow prepayment absent agreement would impose economic sacrifices on a mortgagee or note holder, including an increased tax burden and unanticipated costs occasioned by the need to reinvest the principal. (*Arthur*, 131 A.D.2d at 106, 520 N.Y.S.2d at 639.) Finally, abrogation of the majority rule to allow prepayment is argued primarily in connection with *residential* mortgages. Here the parties entered into a *commercial* transaction, where investment factors are present and the parties are in equivalent bargaining positions. *Arthur*, 131 A.D.2d at 107, 520 N.Y.S.2d at 640.

■ We hold, then, that a purchaser under an installment loan agreement payable at a fixed date or dates in the future *does not have a right to prepay, absent statutory authority or provision for prepayment in the contract.* The parties have not cited any Illinois statutes which would resolve this issue, and we have found none.

In the case before us, we conclude from an examination of the installment loan contract that the parties contemplated prepayment of principal before maturity of the debt. We find that the phrase "if not sooner paid" has independent significance and provides for prepayment of the principal.

We are unpersuaded by the vendor's reliance on *Kruse v. Planer* (Minn. 1979), 288 N.W.2d 12, which we believe was wrongly decided. In *Kruse* the purchaser under a contract for deed sought a declara-

tion that the contract included a prepayment privilege. The contract provided a date for payment of the balance due "if not sooner paid." The supreme court of Minnesota followed the majority rule, but held that the contract language "if not sooner paid" did not confer on the purchaser a right to prepay. The Minnesota Supreme Court reasoned that the language only recognized the possibility of accelerated payment by subsequent mutual agreement of the parties. The court determined that the words would only apply if the parties later modified the contract to allow for prepayment. (*Kruse*, 288 N.W.2d at 14-15.) We find the *Kruse* reasoning peculiar and strained. Certainly the parties could subsequently modify the contract to allow prepayment without having to rely on contract language purportedly included only to allow that possibility.

Our interpretation of the instant contract is supported in part by the analysis of the supreme court of North Carolina in *Hatcher* (329 N.C. 626, 407 S.E.2d 172). The court in *Hatcher* determined that the common law of North Carolina provided for a right of prepayment where the note was silent. Although the promissory note was silent as to a right of prepayment, the deed of trust securing the note provided: "The final due date for payment of said promissory note, *if not sooner paid*, is July 1, 2003." (Emphasis added.) (*Hatcher*, 329 N.C. at 627, 407 S.E.2d at 173.) Recognizing that *Kruse* held to the contrary, the North Carolina Supreme Court acknowledged that the deed of trust language "if not sooner paid" "at least allud[ed] to the fact that prepayment was possible." *Hatcher*, 329 N.C. at 633, 407 S.E.2d at 176.

■ After analyzing cases from various jurisdictions, we hold there is an express prepayment right in an installment contract which contains the language "if not sooner paid." This language reserves to the purchaser an option or right to accelerate payment. Accordingly, we conclude that the trial court properly ordered the vendor to accept payment in satisfaction of the principal balance due under the contract, with interest to the date of tender.

For the reasons indicated, the judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.