470 P.2d 889 (1970)
Jerome ARONOFF and Max Weisbly, Plaintiffs in Error,
v.
WESTERN FEDERAL SAVINGS AND LOAN ASSOCIATION, a Federally Chartered Savings and Loan Association, Defendant in Error.
No. 70-057. (Supreme Court No. 22844.)
Colorado Court of Appeals, Div. I.
March 24, 1970.
*890 Atler, Haligman & Atler, Edward Haligman, Denver, for plaintiffs in error.
Calkins & Tom, Bill E. Tom, Denver, for defendant in error.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was originally filed in the Supreme Court of the State of Colorado, and was subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Plaintiffs in Error (Plaintiffs) sought recovery from Defendant in Error (Defendant) of a prepayment penalty which was paid under protest. Trial was had to the court which thereafter dismissed the action.
Plaintiffs acquired title to a parcel of real estate subject to a deed of trust secured by a note executed by the previous owner, of which defendant was payee and holder. Plaintiffs desired additional financing which defendant was unwilling to provide. Plaintiffs secured the financing from another source and in order to pay off the existing indebtedness had to pay a prepayment penalty. Plaintiffs claim that under the terms of the note no such payment was required.
The plaintiffs contend that they should not have been required to pay the prepayment penalty which was contained in the deed of trust because the terms of the promissory note permitted them to pay any amount in monthly installments, up to and including the entire amount outstanding, without being subject to a prepayment penalty. If this be so, they assert that the prepayment penalty provision in the trust deed conflicted with the absence of one in the promissory note. They therefore claim the benefit of the general rule of law that, where there are irreconcilable conflicts between a promissory note and a deed of trust, the provisions in the note govern.
The plaintiffs also argue that no penalty should have been levied on them for equitable reasons. They claim that the defendant called on them as the junior encumbrancer to bring its loan current, and that having done so, Western Federal should be *891 estopped from exacting a penalty for the plaintiffs' compliance.

I
The promissory note and the deed of trust were executed at the same time and are contained in a single instrument and separated only by a short line. The part designated "Promissory Note" includes the following obligations:
In monthly installments after date, I or we promise to pay to Western Federal Savings and Loan Association * * * Two Hundred Thousand * * * Dollars, and all * * * additional payments provided in the Deed of Trust set forth below * * * Monthly installments of $1,491.15 or more, shall be due and payable on the first day of each * * * month * * *; and shall be applied and credited as stipulated in the Trust Deed * * * set forth below.
In the part designated "Deed of Trust", the following appears:
The parties of the first part shall have the privilege of prepaying the loan secured hereby either in full or in part; * * * provided further that when the aggregate amount of prepayments in any one anniversary year from the date hereof, equals or exceeds 20% of the original principal amount of the loan, 180 days' interest on the amount prepaid over such 20% will be charged * * *
The question before us is whether these two provisions so conflict as to require us to find that only one but not both may be enforced.
In construing a contract with two or more parts, courts must construe them together as if they were a single instrument, along with all stipulations and agreements contained therein. Crosby v. Gateway Motel, Inc., 163 Colo. 384, 431 P. 2d 23. It is an oft-repeated general rule of construction that each and every provision in a contract must be given effect if at all possible. Kugel v. Young, 132 Colo. 529, 291 P.2d 695. The promissory note and the deed of trust are one instrument here, not only because they are printed together on the same paper but, in addition, the note explicitly refers to and includes the terms of the trust deed, including the prepayment penalty provisions. Construed together, the provisions of the note and trust deed not only do not conflict with one another but are obviously intended to be read together to form a harmonious unit. The note recites that the maker must pay "$1,491.15 or more" each month. The trust deed states that no prepayment penalty may be levied if no more than 20% of the original principal amount of the loan is prepaid in any one year. This latter provision, therefore, merely defines the phrase "or more" by stating how much more than the minimum amount could be paid without incurring a penalty.
By so interpreting the plain language of the instrument, we find none of the ambiguity urged on us by the plaintiffs. Courts will not torture words of phrases to import ambiguity where their ordinary meaning leaves no room for ambiguity. Thomas v. Continental Casualty Co., 225 F.2d 798.

II
The plaintiffs contend, in the alternative, that it is inequitable for the defendant to exact a prepayment penalty after calling on them as the junior encumbrancer to bring the loan current. The argument is wholly without merit.
Furthermore, all evidence in the record requires exactly the opposite conclusion from that claimed by plaintiffs. The record clearly shows that the plaintiffs themselves initiated all proposals to the defendant and voluntarily paid all outstanding installments on Western Federal's note in order to protect their own investment, and that defendant did not call upon plaintiffs to make any payments on the loan. As Chief Justice Stone observed in Lambert v. Haskins, 128 Colo. 433, 434, 263 P. *892 2d 433, 434: "Counsel * * * in his brief has made statements of purported facts not contained in the record and has argued an issue not presented to the trial court. It should be unnecessary to say that * * * neither such statements nor such arguments may be considered by us."
The judgment is affirmed.
ENOCH and PIERCE, JJ., concur.