532 P.2d 757 (1974)
B. W. BURKS, Plaintiff-Appellant,
v.
Leroy L. and Carol A. VERSCHUUR, Defendants-Appellees.
No. 74-188.
Colorado Court of Appeals, Div. I.
December 17, 1974.
Rehearing Denied January 14, 1975.
Yegge, Hall & Evans, Richard F. Mauro, Bruce L. Jarchow, Denver, for plaintiff-appellant.
Lohf & Barnhill, P.C., Michael G. Massey, Denver, Butler D. Shaffer, Omaha, for defendants-appellees.
Selected for Official Publication.
RULAND, Justice.
In an action for declaratory judgment relative to the payment provisions of a contract for the purchase of land, plaintiff, B. W. Burks, appeals from a judgment entered in the amount of $5,375 for defendants, Leroy L. and Carol A. Verschuur, on their counterclaim. We reverse.
*758 All material facts in this case were established by stipulation of the parties and written documents received in evidence. On December 31, 1969, Burks entered into a written contract with the Verschuurs whereby Verschuurs agreed to sell and Burks agreed to purchase approximately 160 acres of land in Routt County. The purchase price was $90,000, payable $5,000 upon execution of the contract, $21,100 on January 30, 1970, and three annual installments thereafter of $21,300, together with interest of seven and one-half percent per annum on the deferred balance of the purchase price. Verschuurs agreed by the contract to "release any contiguous 20 acre tract for payment on the principal of $750.00 per acre."
Verschuurs' counsel prepared and the parties executed a written addendum to the contract to clarify certain terms. Insofar as material here, the addendum provided:
"It is further understood, in respect to the provision relating to the release of a contiguous 20 acre tract for payment on the principal of $750.00 per acre, that said $750.00 per acre amount shall be in addition to any payments previously made, and that the purchaser shall upon his payment of $750 per acre, be credited with $10,000 ($500 per acre multiplied by the 20 acres thus released) on the next arising principal payment as set forth under the agreement."
The balance due on the purchase price was represented by a promissory note secured by a deed of trust.
Burks paid the 1971 annual installment. In 1972 Burks paid the Verschuurs $15,000 and requested a release on 20 acres. Verschuurs supplied the requested release, credited Burks with $10,000 on the annual installment due for 1972, and Burks then paid the balance of $11,300 due on the annual installment plus accrued interest.
On January 30, 1973, plaintiff paid $14,495 to Verschuurs representing all accrued interest (including interest on the $5,000 which was not credited to the 1972 annual installment) and the final principal installment due less a credit for the $5,000. However, Verschuurs claimed that $5,000 was still owed. Burks therefore commenced the present action for declaratory judgment to determine the rights of the parties under the contract and written addendum and requested that the court order Verschuurs to mark the promissory note "paid in full" and execute instruments necessary to release the deed of trust. Verschuurs counterclaimed for the $5,000 claimed due plus interest from January 30, 1973, at 12 percent on the basis that the deed of trust imposed interest at that rate on delinquent payments.
Following a trial to the court, the court determined that the intent of the parties was to credit $10,000 on the principal balance from the $15,000 tendered to release the 20 acres in question and that the additional $5,000 was in the nature of a prepayment premium. The court therefore entered judgment for Verschuurs on their counterclaim. We disagree with the trial court's construction of the addendum.
When the evidence consists of written documents, we are not bound by the trial court's findings relative thereto. Sentinal Acceptance Corp. v. Colgate, 162 Colo. 64, 424 P.2d 380; Metropolitan State Faculty Federation v. Colorado, 32 Colo. App. 420, 514 P.2d 784. The written contract provided that Burks was entitled to release any contiguous 20 acre tract for payment on principal of $750 per acre. While the addendum provides that only $10,000 of the release payment will be applied to the "next arising principal payment," it does not provide that the balance of the payments consists of a prepayment premium. We hold that if a mortgagee is to seek a premium or penalty upon prepayment, he must specifically provide therefor in the mortgage instrument. See Beth-June, Inc. v. Wil-Avon Merchandise Mart, Inc., 211 Pa.Super. 5, 233 A.2d 620.
The judgment is reversed and the cause remanded with directions to the trial court *759 to enter judgment directing the Verschuurs to make the promissory note "paid in full" and to execute instruments necessary to release the deed of trust.
COYTE and STERNBERG, JJ., concur.