William C. KLINGENSMITH, III, Georgeanna J. Klingensmith, Frederick L. Wolfe, Nancy K. Wolfe, James T. Dikeou, Pauline D. Booras, Florence D. Garyet, Esther Pantels, Rossmont West, a Colorado partnership, and T.D.F. Investments Co., a Colorado partnership, Plaintiffs-Appellants,

v.

F.J. SERAFINI, Denver County, Colorado, Public Trustee, and Vivian A. Clark, Defendants-Appellees.

No. 81CA1164.

Colorado Court of Appeals,
Div. II.

March 10, 1983.

Rehearing Denied April 7, 1983.

Greengard, Blackman & Senter, Richard D. Greengard, Scott Gelman, Denver, for plaintiffs-appellants.

Herman Atencio, Denver City Atty., Denver, for defendant-appellee F.J. Serafini.

Johnson, Makris & Hunsaker, Hans W. Johnson, Denver, for defendant-appellee Vivian A. Clark.

TURSI, Judge.

Plaintiffs T.D.F. Investments Co. (TDF) and Rossmont West (Rossmont), Colorado partnerships, appeal the denial of a motion for preliminary and permanent injunctions to prevent a foreclosure sale of an apartment building purchased by Rossmont from TDF. The foreclosure action was initiated by defendant Vivian Clark (Clark), the holder of a note and deed of trust from TDF, upon allegations of default for breach of a "no assumptions" clause in the deed of trust. We reverse the order of the trial court and remand with directions that a permanent injunction be entered.

The facts are essentially undisputed. In May 1979, Clark refinanced her earlier purchase of the subject apartment building by obtaining a loan from Megapolitan Mortgage Co. (Megapolitan) in the principal amount of $140,000, secured by a deed of trust which reserved Megapolitan's right to increase the interest rate on the note if the building was sold or transferred. The deed of trust contained a "due-on-sale" clause.

TDF purchased the building from Clark in June 1979 for a total purchase price of $250,000. TDF made a cash downpayment of $54,500, assumed liability on the $140,000 Megapolitan note at 12 per cent interest, and delivered a promissory note for $52,500 (the Clark note) which was itself secured by a second deed of trust which provided that the note could not be assumed without Clark's permission. This deed of trust did not contain a "due-on-sale" clause.

In November 1980, Rossmont began to negotiate with TDF to buy the building. Negotiations continued until March 1981. During this period, Rossmont also negotiated with Clark regarding a possible assumption of the Clark note. At least two written offers contemplated an assumption, but no agreement was reached. Rossmont and TDF ultimately agreed on March 16, 1981, to a sale of the building *subject to* the Clark note and deed of trust. Under the terms of their agreement, Rossmont paid $60,000 cash to TDF, assumed the Megapolitan note at 13 per cent interest, and signed an indemnification agreement secured by a deed of trust, to indemnify TDF to the extent of its $52,500 obligation to Clark if Rossmont failed to make TDF's payments to Clark in a timely manner.

Although Clark accepted timely payments from Rossmont on her note, nonetheless she filed a motion to have the building sold by the public trustee under C.R.C.P. 120, alleging as grounds TDF's breach of the covenant of non-assumption, and an impairment of her security interest as junior lienholder. The trial court granted her motion after finding that the "subject-to" transaction was a bad-faith effort by Rossmont and TDF to avoid Clark's rights under her deed of trust, that Rossmont had actually assumed the Clark note with her prior consent, and that the breach of condition rendered the note due and owing and in default.

TDF and Rossmont obtained a temporary restraining order to prevent the public trustee's sale scheduled for September 21, 1981. A hearing for preliminary injunction, which the parties stipulated would also be a hearing for permanent injunctions, was set for September 30, 1981. The requested injunctions were then denied, but the sale has been stayed pending the result of this appeal.

I

Rossmont and TDF first claim that the trial court erred as a matter of law in finding that Rossmont had assumed the Clark note. We agree.

█ If questions raised on appeal can be determined by construction of written documents complete in their terms, this court is not bound by the findings of the trial court.

*Radiology Professional Corp. v. Trinidad Area Health Ass'n,* 195 Colo. 253, 577 P.2d 748 (1978); *Burks v. Verschuur,* 35 Colo. App. 121, 532 P.2d 757 (1974). We are bound, however, by the unambiguous language of the documents as written, because they express the intention of the parties to the contract.

■ The only agreement to ripen into an enforceable contract between TDF and Rossmont is the agreement executed on March 16, 1981, which contains the following terms:

> "Purchaser to take subject to (not assume) the Second Deed of Trust in favor of Vivian Clark in the approximate amount of $52,551.80."

The clear language of the contract indicates that the parties intended a "subject-to" transaction, and the trial court erred in using parol evidence of prior negotiations to vary the express terms of the completed contract. *Radiology Professional Corp. v. Trinidad Area Health Ass'n, supra.*

■ We conclude as a matter of law that under the conveyance from TDF to Rossmont, Rossmont's title was subject to the Clark note and deed of trust, and that, absent a due-on-sale clause, the conditions of the note were not breached by the transfer to Rossmont.

## II

Rossmont and TDF also claim that the trial court erred in finding that the conveyance resulted in an impairment of Clark's security interest in the building.

■ Clark's security in the Clark note and deed of trust was in no way impaired by the conveyance as structured. TDF was still primarily liable to Clark on the debt evidenced by the note. Although TDF and Rossmont had agreed that Rossmont would make the payments on that note, TDF remained primarily liable. Clark's rights against TDF for the balance of the note were not diluted by Rossmont's agreement to indemnify TDF.

Clark claims that since Rossmont assumed the Megapolitan note at an increase

of one percent interest, her security interest in the property was impaired. However, we do not reach this argument. To do so would require us to reform the Clark note and deed of trust to contain either a due-on-sale clause or a right of refusal over the assumption of the Megapolitan deed of trust. This we cannot do.

For the foregoing reasons, we conclude that the terms of Clark's deed of trust were not violated, and that no other grounds have been adequately presented to support a foreclosure sale by the public trustee. The "subject-to" transaction did not improperly deprive Clark of her rights in the property or the security, and therefore, she has no equitable defense to plaintiffs' request for an equitable remedy. To prevent irreparable harm to plaintiffs, the requested injunctions must be granted.

The order is reversed and the cause is remanded with directions that the permanent injunction be granted to TDF and Rossmont.

PIERCE and SMITH, JJ., concur.