Marvin E. NEWMAN, Petitioner,

v.

McKINLEY OIL FIELD SERVICE, Travelers Insurance Company, and The Industrial Commission of the State of Colorado, Respondents.

No. 82CA1365.

Colorado Court of Appeals, Div. III.

Oct. 3, 1985.

Rehearing Denied Oct. 31, 1985.

Mellman & Thorn, P.C., Gerald N. Mellman, Denver, for petitioner.

Blackman & Levine, Lawrence D. Blackman, Denver, for respondents McKinley Oil Field Service and Travelers Ins. Co.

No appearance for respondent Industrial Commission.

TURSI, Judge.

In this workmen's compensation case, Marvin E. Newman (claimant) seeks review of a final order of the Industrial Commission which held that claimant had refused vocational rehabilitation services and was therefore not eligible for permanent partial or permanent total disability benefits. We set aside the order.

In 1967, claimant suffered a back injury while employed by Packaging Corporation of America and Packorp, Inc. As a result of this injury, claimant underwent two back surgeries. By a special admission of liability dated January 19, 1970, claimant was declared to have a permanent partial disability of seven and one-half percent as a working unit. On September 29, 1975, while employed by McKinley Oil Field Service (employer), claimant suffered a second back injury. This injury left claimant unable to return to his job as a mechanic.

Following his 1975 injury, claimant was required to undergo two additional back surgeries. The first was a laminectomy. The second surgery was an attempted spinal fusion which proved unsuccessful.

As a consequence of these injuries and surgeries, claimant is neither able to sit nor stand for any great length of time. Claimant is also unable to engage in any lifting of objects weighing greater than twenty to thirty pounds.

In May 1977, employer, through its insurance carrier, retained the services of International Rehabilitation Associates, Inc. (International) to provide vocational rehabilitation to the claimant. Initially, International made arrangements for claimant to enroll in a computer training program. This plan, however, was unsuccessful because the course was cancelled.

Claimant was later enrolled in a drafting school. When it became apparent that claimant was experiencing physical difficulty in attending the school, employer's insurance carrier suggested claimant be examined by a physician to determine whether he was physically capable of continuing. The physician recommended that drafting school be discontinued because of the strain put on claimant's back bending over the drafting tables.

Claimant also attempted to return to work as a route salesman serving vending machines selling cigarettes. This proved painful to claimant's back, and he was forced to quit. The record indicates that the claimant pursued a variety of potential job prospects, including post office positions, meter reading, and service writer positions. Many potential employers were not interested in claimant because of his back problems.

In April 1980, ReEntry Vocational Services, Inc. (ReEntry) was retained to attempt to assist claimant in finding suitable employment. ReEntry began by interviewing claimant and requesting that he undergo an additional medical examination. ReEntry then sought to place claimant in an on-the-job training program to become a locksmith. This prospect, however, was delayed because of an unrelated injury to claimant's hand.

By April 1981, it became clear that the locksmith on-the-job training would be further postponed. While the locksmith posi-

tion appeared to offer potentially suitable employment, it remained uncertain whether a position would be available or if the claimant would be physically capable of performing the work. On May 29, 1981, claimant filed a motion with the Industrial Commission requesting termination of rehabilitation and a ruling on claimant's permanent disability.

Without a hearing, the referee concluded that claimant's motion to terminate vocational rehabilitation constituted a refusal to submit to rehabilitation and therefore dismissed and denied claimant's demand for permanent disability benefits. This decision was affirmed by the Commission.

Claimant asserts that his motion does not constitute a rejection of rehabilitation and that he is entitled to determination of permanent disability benefits. We agree.

Industrial Commission regulations provide for the development and implementation of vocational rehabilitation plans. The stated purpose of these plans is to allow a claimant the "opportunity to re-enter the workforce with minimum loss of time." Industrial Commission Regulation V A.1, 7 Code Colo.Reg. 1101–3. The regulations also provide for the filing of motions seeking the resolution of problems or disputes regarding vocational rehabilitation plans. *See* Industrial Commission Regulation V E, 7 Code Colo.Reg. 1101–3. This regulation expressly allows an employee to file a motion seeking termination of rehabilitation.

Appellate courts are not bound by the interpretation of pleadings or documents in matters under review. *Burks v. Verschuur*, 35 Colo.App. 121, 532 P.2d 757 (1974). Claimant's motion is not a refusal to cooperate or a waiver of rehabilitation services. Rather, the motion is a request for action by the Commission.

The undisputed evidence in the record demonstrates that claimant's vocational rehabilitation began early in 1977 and continued until the filing of the motion to terminate in 1981. Rehabilitation reports prepared by both rehabilitation vendors during this period demonstrate claimant's desire to work and willingness to cooperate with all legitimate attempts to locate work. Claimant submitted to independent medical examinations by no fewer than three doctors at the request of the insurance carrier and rehabilitation specialists. These examinations were in addition to the complete medical records compiled by claimant's treating physician. Claimant also pursued numerous job prospects. Accordingly, the conclusion by the referee and the Industrial Commission that claimant refused rehabilitation is without support in the record, and the order premised on that conclusion may not stand. *See* § 8–53–120, C.R.S. (1984 Cum. Supp.).

Respondent's contention that claimant voluntarily and without good cause withdrew from a rehabilitation program is likewise without support in the record.

The order of the Industrial Commission is set aside and the cause remanded to the Industrial Commission for referral to the referee for a determination of whether claimant is entitled to any permanent disability benefits.

BERMAN and METZGER, JJ., concur.