EDWARD FERREIRA & another[1] *vs.* FERNANDES YARED & another.[2]

No. 90-P-582.

Bristol. January 13, 1992. - March 27, 1992.

Present: KASS, FINE, & LAURENCE, JJ.

*Mortgage*, Acceleration clause. *Interest*.

Where a borrower paid a mortgage note in full after the lender had accelerated the note because of earlier payment defaults by the borrower, the lender was not entitled to invoke a prepayment penalty. [330-331]

CIVIL ACTION commenced in the Superior Court Department on January 20, 1987.

The case was heard by *George Jacobs*, J., on a motion for summary judgment.

*Bernard Saklad* for the defendants.
*Andrew B. Peppard* for the plaintiffs.

KASS, J. As presented by the parties, the appeal raises the question whether private, i.e., noninstitutional, mortgagees are subject to the limitation on prepayment penalties contained in G. L. c. 183, § 56. The borrower had paid the mortgage note in full after the lender had accelerated the note because of earlier payment defaults by the borrower. In such circumstances, we conclude, the payment is not a "prepayment" and the lender may not invoke a prepayment penalty. The statutory question presented, therefore, becomes academic.

From affidavits, interrogatories, and a stipulation offered in connection with the Ferreira motion for summary judgment, the following facts emerge. Gayle and Edward Fer-

---

[1]Gayle Ferreira.
[2]Theresa Yared.

reira and Theresa and Fernandes Yared were friends. The Ferreiras became interested in a house in Westport in which they would live and from which they could obtain some rental income. The Yareds agreed to lend their friends the money they needed — $72,500. For that loan the Ferreiras gave their promissory note to the Yareds, payable in twenty years, bearing interest at thirteen percent per year with monthly installments of interest and principal. There was a provision in the note that, "The makers shall have the right to make additional payments on account of said principal and interest on any payment date after thirty-six (36) months from the date hereof." Although the note did not spell out any prepayment penalty, the materials on summary judgment disclose an oral agreement that the lenders were to receive at least thirty-six months of interest payments.

Some sixteen months after the date the Yareds advanced funds and the Ferreiras gave their note, Edward Ferreira was injured in an industrial accident and desired to refinance the mortgage loan from the Yareds at a credit union so as to reduce his lending costs. The Yareds were displeased and responded that they were entitled, in any event, to the interest they would have received over the next twenty months. The Ferreiras lapsed into default. The Yareds called the note and initiated foreclosure proceedings. In order to avoid foreclosure, the Ferreiras paid off the mortgage note to the Yareds in full, having secured funds so to do with a mortgage loan from the Westport Federal Credit Union. Included in the amount required by the Yareds for redemption was $16,074.61 in penalty interest, representing the balance of interest to the three-year mark, and $1,379.01 in attorneys' fees and costs. Those sums were paid under protest, although the amount in dispute is the penalty interest, not the attorneys' fees. In ruling on the Ferreiras' motion for summary judgment, a judge of the Superior Court applied G. L. c. 183, § 56, and limited the interest payable to the Yareds to three months' worth, $2,320.12. Both sides appealed.

Section 56, the text of which is set forth in the margin,[3] prohibits prepayment penalties in residential first mortgage loans after one year, except in the case of refinancing within thirty-six months of the date of the note being prepaid, in which event penalty interest is limited to three months' worth. The position of the Yareds is that the statute does not apply to private lenders because the clause after the first semicolon in § 56 provides that: "except, that if anticipatory payment is made within thirty-six months from the date of the note for the purpose of refinancing such loan in *another financial institution,* an additional payment not in excess of three months' interest may be required" (emphasis supplied). We are skeptical that proviso, added by St. 1966, c. 664, limits the broader remedial purpose of St. 1962, c. 551, § 1, the act by which § 56 was introduced into the statutory scheme.

That question need not be resolved because, by accelerating the note, the Yareds, as payees, lost the right to collect a prepayment penalty. A prepayment premium does not attach when a loan is accelerated because the act of acceleration advances the maturity of the debt; the debt becomes immediately due and payable. *Matter of LHD Realty Corp.,* 726 F.2d 327, 330 (7th Cir. 1984). *Tan v. California Fed. Sav. & Loan Assn.,* 140 Cal.App. 3d 800, 809 (1983). *Slevin Container Corp. v. Provident Fed. Sav. & Loan Assn.,* 98 Ill. App. 3d 646, 648 (1981). *Kilpatrick v. Germania Life Ins. Co.,* 183 N.Y. 163, 168 (1905). *George H. Nutman, Inc. v. Aetna Bus. Credit, Inc.,* 115 Misc. 2d 168, 169 (N.Y. Sup. Ct. 1982). Compare *Pacific Trust Co. v. Fidelity Fed. Sav.*

---

[3]General Laws c. 183, § 56, as amended by St. 1966, c. 664, provides: "Any mortgage note secured by a first lien on a dwelling house of three or less separate households occupied or to be occupied in whole or in part by the mortgagor shall be subject to the condition that if said note is paid before the date fixed for payment, any additional amount required to be paid in such event shall be an amount which shall be the balance of the first year's interest or three months' interest whichever is less; except, that if anticipatory payment is made within thirty-six months from the date of the note for the purpose of refinancing such loan in another financial institution, an additional payment not in excess of three months' interest may be required. . . ."

& *Loan Assn.*, 184 Cal. App. 3d 817, 824 (1986), in which, however, the prepayment provision, by its terms, provided, "whether said prepayment is voluntary or involuntary, including any prepayment effected by the holder's exercise of the Acceleration Clause." Compare also *West Portland Dev. Co.* v. *Ward Cook, Inc.*, 246 Or. 67, 69-71 (1967), in which the prepayment was considered voluntary because, after foreclosure action had been initiated, the parties reached an agreement to rescind the default. It is not lost on us that a borrower may evade a lawfully agreed to prepayment penalty by embarking on a course of conduct which provokes acceleration of the note. Indeed, that may have occurred here. There are, however, often risk and costs attendant upon default in a mortgage note and, on balance, it strikes us as the better course to adopt the majority view that, unless the note otherwise provides, a holder of a note cannot simultaneously accelerate the note and collect a prepayment penalty.

The Yareds, by reason of accelerating the promissory note, are entitled to no prepayment penalty interest at all. The plaintiffs, the Ferreiras, are to recover from the Yareds $16,074.61, representing the interest paid under protest. The defendants, the Yareds, shall retain the $1,379.01 on account of legal fees incident to the foreclosure proceedings. As thus modified, the judgment below is affirmed.

*So ordered.*